# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Allstate Insurance Company

## DEFENDANTS
United Pet Group, Inc.

**(b)** County of Residence of First Listed Plaintiff    Cook Cty., Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul N. Sandler, Esq.
Sandler & Marchesini, P.C.
1500 Walnut Street, Suite 2020, Philadelphia, PA 19102

Attorneys (If Known)
Eric A. Weiss, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 365 Personal Injury - |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability   ☒ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations   ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |    Under Equal Access |
| |    Employment   ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |    to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition |    Alien Detainee | | ☐ 950 Constitutionality of |
| |    Other | ☐ 465 Other Immigration | |    State Statutes |
| | ☐ 440 Other Civil Rights |    Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C §§ 1332, 1367
Brief description of cause:
Products liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Hon. Jan E. DuBois    DOCKET NUMBER 2:12-cv-02950-JD

DATE
09/08/2014

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Allstate Insurance Company a/s/o Burton Jenkins | : | CIVIL ACTION |
| v. | : | |
| United Pet Group Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✓)

| 9/8/2014 | Eric A. Weiss | United Pet Group, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-2676 | 215-575-0856 | eaweiss@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2775 Sanders Road, Northbrook, Illinois  60062

Address of Defendant: 3001 Commerce Street, Blacksburg, VA  24060

Place of Accident, Incident or Transaction: 2806 Fuller Street, Philadelphia, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes ☑  No ☐   (7.1 Disclosure Statement filed in related case 2:12-cv-02950)

Does this case involve multidistrict litigation possibilities?                    Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: 2:12-CV-02950-JD          Judge Jan E. DuBois          Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

    Yes ☐  No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
    (Please specify)

7. ☑ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** September 8, 2014        Eric A. Weiss, Esquire        19425

Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** _____        _____        _____

Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2775 Sanders Road, Northbrook, Illinois  60062

Address of Defendant: 3001 Commerce Street, Blacksburg, VA  24060

Place of Accident, Incident or Transaction: 2806 Fuller Street, Philadelphia, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☑  No ☐   ☐ (7.1 Disclosure Statement filed in related case 2:12-cv-02950)

Does this case involve multidistrict litigation possibilities?   Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: 2:12-CV-02950-JD   Judge Jan E. DuBois   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
   (Please specify)
7. ☑ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** September 8, 2014    Eric A. Weiss, Esquire    19425

Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** _____    _____    _____

Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN SULLICK                              :
                                          :
              v.                          :        CIVIL ACTION
                                          :
UNITED PET GROUP, INC. d/b/a              :        NO.:  14-2950
MARINELAND a/k/a MARINELAND               :
AQUARIUM PRODUCTS, TETRA HOLDINGS         :
(US), INC. t/a PERFECTO MANUFACTURING,    :
INC., WORLDWIDE AQUARIUM & PET            :        JURY TRIAL DEMANDED
CENTER, MICHELLE ENTERPRISES INC.         :
n/k/a INGENIOUS NETWORKS,                 :
NEWA TECNO INDUSTRIA, SRL, and            :
CENTRAL GARDEN & PET COMPANY              :
t/a and/or d/b/a CENTRAL AQUATICS         :
                                          :
----------------------------------------------------------:
                                          :
                                          :
ALLSTATE INSURANCE COMPANY a/s/o          :
BURTON JENKINS                            :
                                          :
              v.                          :        CIVIL ACTION
                                          :
UNITED PET GROUP, INC. d/b/a              :        NO.:
MARINELAND a/k/a MARINELAND               :
AQUARIUM PRODUCTS, TETRA HOLDINGS         :
(US), INC. t/a PERFECTO MANUFACTURING,    :
INC., WORLDWIDE AQUARIUM & PET            :        JURY TRIAL DEMANDED
CENTER, MICHELLE ENTERPRISES INC.         :
n/k/a INGENIOUS NETWORKS, and             :
NEWA TECNO INDUSTRIA, SRL                 :
                                          :

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

        Defendant United Pet Group, Inc., incorrectly named as separate defendants United Pet

Group, Inc. d/b/a Marineland a/k/a Marineland Aquarium Products and Tetra Holdings (US), Inc.

t/a Perfecto Manufacturing, Inc. ("UPG")[1], by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, files the instant Notice of Removal of a certain action pending in the Philadelphia County Court of Common Pleas, and in support thereof states as follows:

      1.      UPG is a defendant in the action captioned as <u>Allstate Insurance Company a/s/o Burton Jenkins v. United Pet Group, Inc. d/b/a/ Marineland a/k/a Marineland Aquarium Products, <i>et al.</i></u>, case number 140800474, which is pending in the Philadelphia County Court of Common Pleas (hereinafter, the "State Court Action").

      2.      UPG was served with the Complaint in the above-referenced State Court Action on August 8, 2014. A true and accurate copy of the Complaint and docket sheet for the State Court Action are collectively annexed hereto as Exhibit A.

      3.      The foregoing Complaint is, upon information and belief, the only process, pleading or order in the State Court Action served upon UPG.

      4.      The State Court Action Plaintiff, Allstate Insurance Company, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 2775 Sanders Road, Northbrook, Illinois, 60062.

      5.      UPG is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 7794 Five Mile Road, Suite 190, Cincinnati, Ohio, 45230.

---

[1] The names "Tetra Holdings (US), Inc." and/or "Perfecto Manufacturing, Inc." do not refer to separate jural entities; rather, they are names of divisions of United Pet Group, Inc. Accordingly, to the extent that the First Amended Complaint in the State court action for which UPG seeks removal refers to "Tetra Holdings (US), Inc." and/or "Perfecto Manufacturing, Inc.", that reference shall be deemed to refer to UPG.

6.     State Court Action co-defendant Worldwide Aquarium & Pet Center ("Worldwide") is, upon information and belief, a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 6801 Frankford Avenue, Philadelphia, Pennsylvania, 19135.

7.     State Court Action co-defendant Michelle Enterprises, Inc. n/k/a Ingenious Networks ("Michelle") is, upon information and belief, a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at2101 Elmerton Avenue, Harrisburg, Pennsylvania, 17110.

8.     In the State Court Action, Michelle is alleged to be the owner of Worldwide and to do business in the name of Worldwide.

9.     State Court Action co-defendant NEWA Tecno Industria, SRL is a business entity organized and existing under the laws of Italy with its principal place of business located at 2 via dell' Artigianato 35010, Loreggia [Padova], Italy.

10.    The State Court Action arises out of the very same incident (a residential fire which occurred on August 25, 2012) out of which the action pending in this Honorable Court, captioned as <u>John Sullick v. United Pet Group, Inc. d/b/a/ Marineland a/k/a Marineland Aquarium Products, et al.</u>, Civil Action No. 14-2950 (the "Sullick Action"), also arises and over which the Court has original jurisdiction.

11.    The State Court Action also involves the same defendants named in the Sullick Action.[2]

---

[2] Central Garden & Pet Company t/a and/or d/b/a Central Aquatics, an originally named defendant in the Sullick Action, has since been voluntarily dismissed from that action by stipulation.

12.     This action is one in which this Honorable Court can exercise supplemental jurisdiction under the provisions of 28 U.S.C. § 1367(a) in that the claims at issue in the State Court Action "are so related to claims in the action within [the Court's] original jurisdiction [*i.e.*, the Sullick Action] that they form part of the same case or controversy under Article III of the United States Constitution."

13.     Furthermore, although the amount in controversy in the State Court Action is alleged to be less than $50,000 and does not meet the amount in controversy requirements of 28 U.S.C. § 1332(a), the State Court Action is nevertheless a civil action between citizens of different states and thus meets the diversity requirement of § 1332(a).

14.     Accordingly, "supplemental jurisdiction is appropriate over claims that do not meet the $75,000 threshold as long as all other elements are met and at least one claim in the case [*i.e.*, the claims in the Sullick Action] does meet the threshold." Selective Way Ins. Co. v. AGFA Healthcare Corp., 2012 U.S. Dist. LEXIS 129117, *5 (D.N.J. Sept. 11, 2012) (citing Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 549, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)).  The State Court Action therefore may be removed under 1441(a),

15.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after service upon UPG.

16.     UPG desires to remove the State Court Action to this Court and submits this notice, along with the above-referenced exhibit, in accordance with 28 U.S.C. §§ 1332, 1367, 1441 and 1446.

17.     Written notice of the filing of this Notice of Removal will be provided to the other parties, and a copy of this Notice of Removal and supporting papers will be filed with the Clerk in the State Court Action pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant United Pet Group, Inc., incorrectly named as separate defendants United Pet Group, Inc. d/b/a Marineland a/k/a Marineland Aquarium Products and Tetra Holdings (US), Inc. t/a Perfecto Manufacturing, Inc., prays that the above-described action pending against it in the State Court Action be removed to this Court.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:    s/ Eric A. Weiss
         Eric A. Weiss, Esquire
         Attorney for Defendant,
         United Pet Group, Inc.
         2000 Market Street, Suite 2300
         Philadelphia, PA  19103
         PA 19425
         Phone No.:  215-575-2676
         Fax No.:  215-575-0856
         Email:  eaweiss@mdwcg.com

Dated: September 8, 2014

COMMONWEALTH OF PENNSYLVANIA     :
                                  :     SS
COUNTY OF PHILADELPHIA            :

# **A F F I D A V I T**

ERIC A. WEISS, ESQUIRE, being duly sworn according to law, deposes and states that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief..

_____
ERIC A. WEISS

SWORN TO AND SUBSCRIBED
BEFORE ME THIS ___ DAY
OF _____, 2014

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Audrey M. Gaffney, Notary Public
City of Philadelphia, Philadelphia County
My commission expires July 01, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was set to the following persons as follows:

### VIA ELECTRONIC FILING

Daniel J. de Luca, Esquire
de Luca Levine, LLC
Three Valley Square, Suite 220
Blue Bell, PA  19422

Timothy J. Nieman, Esquire
Rhoads & Sinon LLP
One South Market Square
P.O. Box 1146
Harrisburg, PA  17108-1146

### VIA U.S. CERTIFIED MAIL

Paul N. Sandler, Esquire
Sandler & Marchesini, P.C.
1500 Walnut Street, Suite 2020
Philadelphia, PA  19102

Worldwide Aquarium & Pet Center
6801 Frankford Avenue
Philadelphia, PA  19135

### VIA INTERNATIONAL MAIL

Giacomo Guoli
Managing Director
NEWA Tecno Industria, SRL
2 via dell' Artigianato 35010
Loreggia [Padova]
Italy

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:   _s/ Eric A. Weiss_____
       Eric A. Weiss, Esquire

Attorney for Defendant,
United Pet Group, Inc.
2000 Market Street, Suite 2300
Philadelphia, PA  19103
PA 19425
Phone No.:  215-575-2676
Fax No.:  215-575-0856
Email:  eaweiss@mdwcg.com

Dated: <u>September 8, 2014</u>

# EXHIBIT A

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:15 AM - 05/06/2015
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial de novo on appeal from a decision entered by a Judge.

SANDLER & MARCHESINI

BY:  PAUL N. SANDLER, ESQUIRE                                    Attorney for Plaintiff
ATTORNEY I.D. NO. 15711
1500 Walnut Street, Suite 2020
Philadelphia, PA  19102
(215) 568-9300

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY a/s/o<br>BURTON JENKINS<br><br>v.<br><br>UNITED PET GROUP, INC. d/b/a<br>MARINELAND a/k/a MARINELAND<br>AQUARIUM PRODUCTS<br>and<br>TETRA HOLDINGS (US), INC. t/a<br>PERFECTO MANUFACTURING, INC.<br>and<br>WORLDWIDE AQUARIUM & PET CENTER<br>and<br>MICHELLE ENTERPRISES, INC. n/k/a<br>INGENIOUS NETWORKS<br>and<br>NEWA TECNO INDUSTRIA, SRL | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NO. |

## CIVIL ACTION

### NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Reference Service
Philadelphia Bar Association
One Reading Center, 11th Floor
1101 Market St.
Philadelphia, PA 19107
(215) 238-6300

### AVISO

    Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Reference Service
Philadelphia Bar Association
One Reading Center, 11th Floor
1101 Market St.
Philadelphia, PA 19107
(215) 238-6300

Case ID: 140800474

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:15 AM - 05/06/2015
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no 8ga NOdHFER d&nMARGHESIINDn B. decision entered by a Judge.

BY:  PAUL N. SANDLER, ESQUIRE                              Attorney for Plaintiff
ATTORNEY I.D. NO. 15711
1500 Walnut Street, Suite 2020
Philadelphia, PA 19102
(215) 568-9300

---

ALLSTATE INSURANCE COMPANY a/s/o    :    COURT OF COMMON PLEAS
BURTON JENKINS                                          :    PHILADELPHIA COUNTY
1200 Atwater Drive, Suite 110                        :
Malvern, PA 19355                                         :
                                                                    :
                                                                    :
          v.                                                        :    NO.
                                                                    :
UNITED PET GROUP, INC. d/b/a                    :
MARINELAND a/k/a MARINELAND            :
AQUARIUM PRODUCTS                             :
3001 Commerce Street                                    :
Blacksburg, VA 24060                                    :
          and                                                      :
TETRA HOLDINGS (US), INC. t/a                 :
PERFECTO MANUFACTURING, INC.           :
20975 Creek Road                                          :
Noblesville, IN 46060                                     :
          and                                                      :
WORLDWIDE AQUARIUM & PET CENTER  :
6801 Frankford Avenue                                  :
Philadelphia, PA 19135                                  :
          and                                                      :
MICHELLE ENTERPRISES, INC. n/k/a        :
INGENIOUS NETWORKS                            :
2101 Elmerton Avenue                                   :
Harrisburg, PA 17110                                    :
          and                                                      :
NEWA TECNO INDUSTRIA, SRL                 :
Via dell'Artigianato, 2                                    :
35010 Loreggia Padova                                  :
Italy                                                               :

---

Case ID: 140800474

## CIVIL ACTION COMPLAINT

1.     Plaintiff, Allstate Insurance Company, is an insurance company authorized to write policies of insurance in the Commonwealth of Pennsylvania with an office at the above -stated address.

2.     Defendant, United Pet Group, Inc. d/b/a Marineland a/k/a Marineland Aquarium Products (hereinafter referred to as United Pet"), upon information and belief, is a business entity organized and existing under the laws of State of Delaware, with a principal place of business located at the above-stated address.

3.     United Pet is, upon information and belief, a corporate entity that-either through itself or through its related entities-markets, designs, manufactures, assembles, distributes, inspects, provides warranties for and/or offers for sale, inter alia, aquarium heaters such as a certain one that was owned by John Sullick.

4.     Defendant, Tetra Holdings (US), Inc. t/a Perfecto Manufacturing, Inc. (hereinafter referred to as "Tetra"), upon information and belief, is a business entity organized and existing under the laws of the State of Delaware, with a principal place of business located at the above-stated address.

5.     Tetra, upon information and belief, is a corporate entity that markets, designs, manufactures, assembles, distributes, inspects, provides warranties for and/or offers for sale, inter alia, aquarium heaters such as a certain one that was owned by John Sullick.

6.     Defendant, Worldwide Aquarium & Pet Center (hereinafter referred to as "Worldwide"), upon information and belief, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the above-stated address.

Case ID: 140800474

7.      Worldwide, upon information and belief, is a corporate entity that markets, designs, manufactures, assembles, distributes, inspects, provides warranties for and/or offers for sale, inter alia, aquarium heaters such as a certain one that was owned by John Sullick.

8.      Defendant, Michelle Enterprises, Inc. n/k/a Ingenious Networks (hereinafter referred to as "Michelle"), upon information and belief, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the above-stated address.

9.      Michelle, upon information and belief, is the owner of Worldwide, and does business in that name.   In such capacity, Michelle markets, designs, manufactures, assembles, distributes, inspects, provides warranties for and/or offers for sale, inter alia, aquarium heaters such as a certain one that was owned by John Sullick.

10.     Worldwide and Michelle will hereinafter collectively be referred to as "Worldwide/Michelle").

11.     Defendant, NEWA Tecno Industria, SRL (hereinafter referred to as "NEWA"), upon information and belief, is a business entity organized and existing under the laws of the State of Delaware, with a principal place of business located at the above-stated address.

12.     NEWA, upon information and belief, is a corporate entity that markets, designs, manufactures, assembles, distributes, inspects, provides warranties for and/or offers for sale, inter alia, aquarium heaters such as a certain one that was owned by John Sullick.

13.     On or about August 25, 2012, a fire occurred at the property located at 2804 Fuller Street, Philadelphia, Pennsylvania, causing damages to the Plaintiff's insured's property located at 2806 Fuller Street, Philadelphia, Pennsylvania.

14.     The fire originated at a Marineland Stealth aquarium heater which was purchased by John Sullick prior to August 25, 2012.

15.     The fire and Plaintiff's insured's damages were caused by the Defendants as set forth more fully hereinafter.

## COUNT I-BREACH OF WARRANTIES
### PLAINTIFF VS. UNITED PET

16.     Plaintiff incorporates by reference paragraphs 1 through 15 as though each and every allegation was set forth fully herein at length.

17.     United Pet sold the Marineland Stealth aquarium heater (hereinafter referred to as "heater") to John Sullick and/or the occupant of 2804 Fuller Street, Philadelphia, Pennsylvania and had reason to know of the particular purpose for which the heater would be used and knew that the skill and judgment to furnish a suitable product.

18.     The Defendant breached its implied warrant of merchantability and implied warranty of fitness for a particular purpose arising from the sale of said heater in that

    (a)     Said heater would not pass without objection in the trade and was not
            fit for the ordinary purposes for which said heater is used; and

    (b)     Defendant knew the purposes for which the heater was required,
            knew that the buyer was relying on the Defendant's skill and
            judgment to furnish a suitable heater, and said heater was unsafe and
            not fit for the purpose for which it was sold.

19.     The Defendant also breached any and all expressed warranties made or relating to the heater that became part of the basis of the bargain for sale of the product.

20.     As a direct result of the Defendant's breach of implied warranties, Plaintiff's insured suffered damages to its property.

21.     At all times relevant hereto, the Plaintiff provided a policy of insurance to its insured, Burton Jenkins.

22.     In accordance with the terms of its policy, Plaintiff paid its insured, including the insured's deductible, the sum of $35,024.37.

23.     As a result of the aforesaid payment, Plaintiff is subrogated to all right, title and interest in and to its insured's claim.

WHEREFORE, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, United Pet Group, Inc. d/b/a Marineland a/k/a Marineland Aquarium Products, in a sum less than Fifty Thousand ($50,000.00) Dollars.

## COUNT II-STRICT LIABILITY
### PLAINTIFF VS. UNITED PET

24.     Plaintiff incorporates by reference paragraphs 1 through 23 as though each and every allegation was set forth fully herein at length.

25.     United Pet is engaged, and at all times relevant hereto was engaged, in the business of inter alia, marketing, selling, servicing, warranting, and distributing Marineland Stealth aquarium heaters, including the Marineland Stealth aquarium heater involved here, to consumers such as John Sullick.

26.     United Pet distributed and/or sold the Marineland Stealth aquarium heater in a defective condition, unreasonably dangerous to users.

27.     United Pet knew or should have known that the Marineland Stealth aquarium heater would, and did, reach the Buyer without substantial change from the condition in which originally sold.

Case ID: 140800474

28.    The aforementioned defects consisted of:

    (a)    design defects;

    (b)    manufacturing defects;

    (c)    component defects;

    (d)    a failure to warn of the design, manufacturing, and/or component defects; and/or

    (e)    a failure to properly instruct as to the appropriate installation, operating and maintenance procedures for safe use of the Marineland Stealth aquarium heater.

29.    For the reasons set forth above, United Pet, is strictly liable to Plaintiff for damages under Section 402A of the Restatement (2d) of Torts, and the applicable case law of the Commonwealth of Pennsylvania.

30.    As a direct result of the defective design and manufacture of said heater, Plaintiff sustained the damages as set forth in Count I hereof which are incorporated by reference herein.

WHEREFORE, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, United Pet Group, Inc. d/b/a Marineland a/k/a Marineland Aquarium Products, in a sum less than Fifty Thousand ($50,000.00) Dollars.

## COUNT III-NEGLIGENCE
### PLAINTIFF VS. UNITED PET

31.    Plaintiff incorporates by reference paragraphs 1 through 20 as though each and every allegation was set forth fully herein at length.

32.    The aforementioned damages and harms were the direct and proximate result of the negligence, carelessness, recklessness, and/or other unlawful conduct of United Pet,

by and through its employees, agents, technicians, and/or servants, more specifically described as follows:

    (a)    failing to exercise reasonable care in the following manner:

        i.    failing to properly build, manufacture, assemble, inspect, diagnose, service, sell, repair and/or test the heater;

        ii.    failing to determine that the heater did not comply with applicable standards and/or specifications;

        iii.    failing to properly recommend to and/or warn the purchaser that the heater was defective and could fail in the manner described herein;

        iv.    failing to provide the purchaser with instructions and/or warnings regarding the proper installation, care, maintenance, and/or servicing of the heater so as to prevent the incident complained of;

    (b)    failing to adequately instruct and/or supervise its employees, agents, technicians, and/or servants so as to avoid the problems set forth in subparagraph (a)(i.-iv.) above;

    (c)    failing to adequately warn the purchaser and others of the dangers and hazardous conditions of the heater, which United Pet knew or should have known would result from the careless and negligent conduct set forth in subparagraph (a)(i.-iv.) above;

    (d)    failing to provide, establish, and/or follow proper and adequate control of its processes and employees so as to avoid the problems listed in subparagraph (a)(i.-iv.) above; and/or

    (e)    failing to perform (as set forth in subparagraph (a)(i.-iv.) above) in conformity with the prevailing industry specifications and standards.

    33.    As a direct result of the negligence and carelessness of the Defendant, Plaintiff sustained the damages set forth in Count I hereof and which are incorporated by reference herein.

WHEREFORE, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, United Pet Group, Inc. d/b/a Marineland a/k/a Marineland Aquarium Products, in a sum less than Fifty Thousand ($50,000.00) Dollars.

### COUNT IV-BREACH OF WARRANTIES
**PLAINTIFF VS. TETRA**

34.     Plaintiff incorporates by reference paragraphs 1 through 33 as though each and every allegation was set forth fully herein at length.

35.     At the time of selling the Marineland Stealth aquarium heater, Tetra had reason to know of the particular purpose for which the .Marineland Stealth aquarium heater would be used, and knew that its skill and judgment were being relied upon to furnish a suitable product.

36.     The Defendant breached its implied warrant of merchantability and implied warranty of fitness for a particular purpose arising from the sale of said heater in that

(a)     Said heater would not pass without objection in the trade and was not fit for the ordinary purposes for which said heater is used; and

(b)     Defendant knew the purposes for which the heater was required, knew that the buyer was relying on the Defendant's skill and judgment to furnish a suitable heater, and said heater was unsafe and not fit for the purpose for which it was sold.

37.     The Defendant also breached any and all expressed warranties made or relating to the heater that became part of the basis of the bargain for sale of the product.

38.     As a direct result of the Defendant's breach of implied warranties, Plaintiff suffered the damages set forth in Count I hereof which are incorporated by reference herein.

**WHEREFORE**, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, Tetra Holdings (US), Inc. t/a Perfecto Manufacturing, Inc. , in a sum less than Fifty Thousand ($50,000.00) Dollars.

## COUNT V-STRICT LIABILITY
### PLAINTIFF VS. TETRA

39.     Plaintiff incorporates by reference paragraphs 1 through 38 as though each and every allegation was set forth fully herein at length.

40.     Tetra is engaged, and at all times relevant hereto was engaged, in the business of inter alia, marketing, selling, servicing, warranting, and distributing Marineland Stealth aquarium heaters, including the Marineland Stealth aquarium heater involved here, to consumers such as John Sullick.

41.     Tetra distributed and/or sold the Marineland Stealth aquarium heater in a defective condition, unreasonably dangerous to users.

42.     Tetra knew or should have known that the Marineland Stealth aquarium heater would, and did, reach the Buyer without substantial change from the condition in which originally sold.

43.     The aforementioned defects consisted of:

    (a)     design defects;

    (b)     manufacturing defects;

    (c)     component defects;

    (d)     a failure to warn of the design, manufacturing, and/or component defects; and/or

    (e)     a failure to properly instruct as to the appropriate installation, operating and maintenance procedures for safe use of the Marineland Stealth aquarium heater.

44.    For the reasons set forth above, Tetra, is strictly liable to Plaintiff for damages under Section 402A of the Restatement (2d) of Torts, and the applicable case law of the Commonwealth of Pennsylvania.

**WHEREFORE,** Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, Tetra Holdings (US), Inc. t/a Perfecto Manufacturing, Inc. , in a sum less than Fifty Thousand ($50,000.00) Dollars.

## COUNT VI-NEGLIGENCE
### PLAINTIFF VS. TETRA

45.    Plaintiff incorporates by reference paragraphs 1 through 44 as though each and every allegation was set forth fully herein at length.

46.    The aforementioned damages and harms were the direct and proximate result of the negligence, carelessness, recklessness, and/or other unlawful conduct of Tetra, by and through its employees, agents, technicians, and/or servants, more specifically described as follows:

(a)    failing to exercise reasonable care in the following manner:

   i.    failing to properly build, manufacture, assemble, inspect, diagnose, service, sell, repair and/or test the heater;

   ii.    failing to determine that the heater did not comply with applicable standards and/or specifications;

   iii.    failing to properly recommend to and/or warn the purchaser that the heater was defective and could fail in the manner described herein;

   iv.    failing to provide the purchaser with instructions and/or warnings regarding the proper installation, care, maintenance, and/or servicing of the heater so as to prevent the incident complained of;

(b)    failing to adequately instruct and/or supervise its employees, agents, technicians, and/or servants so as to avoid the problems set forth in subparagraph (a)(i.-iv.) above;

Case ID: 140800474

(c)     failing to adequately warn the purchaser and others of the dangers and hazardous conditions of the heater, which United Pet knew or should have known would result from the careless and negligent conduct set forth in subparagraph (a)(i.-iv.) above;

(d)     failing to provide, establish, and/or follow proper and adequate control of its processes and employees so as to avoid the problems listed in subparagraph (a)(i.-iv.) above; and/or

(e)     failing to perform (as set forth in subparagraph (a)(i.-iv.) above) in conformity with the prevailing industry specifications and standards.

47.     As a direct result of the negligence and carelessness of the Defendant, Plaintiff sustained the damages set forth in Count I hereof and which are incorporated by reference herein.

WHEREFORE, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, Tetra Holdings (US), Inc. t/a Perfecto Manufacturing, Inc., in a sum less than Fifty Thousand ($50,000.00) Dollars.

## COUNT VII-BREACH OF WARRANTIES
### PLAINTIFF VS. WORLDWIDE/MICHELLE

48.     Plaintiff incorporates by reference paragraphs 1 through 47 as though each and every allegation was set forth fully herein at length.

49.     At the time of selling the Marineland Stealth aquarium heater, Worldwide/Michelle had reason to know of the particular purpose for which the Marineland Stealth aquarium heater would be used, and knew that its skill and judgment were being relied upon to furnish a suitable product.

50.     The Defendant breached its implied warrant of merchantability and implied warranty of fitness for a particular purpose arising from the sale of said heater in that

(a)     Said heater would not pass without objection in the trade and was not fit for the ordinary purposes for which said heater is used; and

    (b)    Defendant knew the purposes for which the heater was required, knew that the buyer was relying on the Defendant's skill and judgment to furnish a suitable heater, and said heater was unsafe and not fit for the purpose for which it was sold.

51.    The Defendant also breached any and all expressed warranties made or relating to the heater that became part of the basis of the bargain for sale of the product.

52.    As a direct result of the Defendant's breach of implied warranties, Plaintiff suffered the damages set forth in Count I hereof which are incorporated by reference herein.

**WHEREFORE**, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, Worldwide Aquarium & Pet Center and Michelle Enterprises, Inc. n/k/a Ingenious Networks, in a sum less than Fifty Thousand ($50,000.00) Dollars.

COUNT VIII-STRICT LIABILITY<br>PLAINTIFF VS. WORLDWIDE/MICHELLE

53.    Plaintiff incorporates by reference paragraphs 1 through 52 as though each and every allegation was set forth fully herein at length.

54.    Worldwide/Michelle is engaged, and at all times relevant hereto was engaged, in the business of *inter alia*, marketing, manufacturing, selling, servicing, warranting, and distributing Marineland Stealth aquarium heaters, including the Marineland Stealth aquarium heater involved here, to consumers such as John Sullick.

55.    Worldwide/Michelle distributed and/or sold the Marineland Stealth aquarium heater in a defective condition, unreasonably dangerous to John Sullick and his family.

56.     Worldwide/Michelle knew or should have known that the Marineland Stealth aquarium heater would, and did, reach Plaintiff without substantial change from the condition in which originally sold.

57.     The aforementioned defects consisted of:

(a)     design defects;

(b)     manufacturing defects;

(c)     component defects;

(d)     a failure to warn of the design, manufacturing, and/or component defects; and/or

(e)     a failure to properly instruct as to the appropriate installation, operating and maintenance procedures for safe use of the Marineland Stealth aquarium heater.

58.     For these reasons, Worldwide/Michelle is strictly liable to Plaintiff for damages under Section 402A of the Restatement (2d) of Torts, and the applicable case law of the Commonwealth of Pennsylvania.

59.     As a direct result of the defective design and manufacture of said heater, Plaintiff sustained the damages as set forth in Count I hereof which are incorporated by reference herein.

**WHEREFORE,** Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, Worldwide Aquarium & Pet Center and Michelle Enterprises, Inc. n/k/a Ingenious Networks, in a sum less than Fifty Thousand ($50,000.00) Dollars.

<u>COUNT IX-NEGLIGENCE</u>
**PLAINTIFF VS. WORLDWIDE/MICHELLE**

60.     Plaintiff incorporates by reference paragraphs 1 through 59 as though each and every allegation was set forth fully herein at length.                    Case ID: 140800474

61. The aforementioned damages and harms were the direct and proximate result of the negligence, carelessness, recklessness, and/or other unlawful conduct of Worldwide/Michelle, by and through its employees, agents, technicians, and/or servants, more specifically described as follows:

    (a)    failing to exercise reasonable care in the following manner:

        i.    failing to properly build, manufacture, assemble, inspect, diagnose, service, sell, repair and/or test the Marineland Stealth aquarium heater;

        ii.    failing to determine that the Marineland Stealth aquarium heater did not comply with applicable standards and/or specifications;

        iii.    failing to properly recommend to and/or warn Plaintiff that the Marineland Stealth aquarium heater was defective and could fail in the manner described herein;

        iv.    failing to provide Plaintiff with instructions and/or warnings regarding the proper installation, care, maintenance, and/or servicing of the Marineland Stealth heater so as to prevent the incident complained of.

    (b)    failing to adequately instruct and/or supervise its employees, agents, technicians, and/or servants so as to avoid the problems set forth in subparagraph (a)(i.-iv.) above;

    (c)    failing to adequately warn Plaintiff and others of the dangers and hazardous conditions of the Marineland Stealth aquarium heater, which Worldwide knew or should have known would result from the careless and negligent conduct set forth in subparagraph (a)(i.-iv.) above;

    (d)    failing to provide, establish, and/or follow proper and adequate control of its processes and employees so as to avoid the problems listed in subparagraph (a)(i.-iv.) above; and/or

    (e)    failing to perform (as set forth in subparagraph (a)(i.-iv.) above) in conformity with the prevailing industry specifications and standards.

62.     As a direct result of the negligence and carelessness of the Defendant, Plaintiff sustained the damages set forth in Count I hereof and which are incorporated by reference herein.

**WHEREFORE**, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, Worldwide Aquarium & Pet Center and Michelle Enterprises, Inc. n/k/a Ingenious Networks, in a sum less than Fifty Thousand ($50,000.00) Dollars.

## COUNT X-BREACH OF WARRANTIES
### PLAINTIFF VS. NEWA

63.     Plaintiff incorporates by reference paragraphs 1 through 62 as though each and every allegation was set forth fully herein at length.

64.     At the time of selling the Marineland Stealth aquarium heater, Worldwide/Michelle had reason to know of the particular purpose for which the Marineland Stealth aquarium heater would be used, and knew that its skill and judgment were being relied upon to furnish a suitable product.

65.     The Defendant breached its implied warrant of merchantability and implied warranty of fitness for a particular purpose arising from the sale of said heater in that

> (a)     Said heater would not pass without objection in the trade and was not fit for the ordinary purposes for which said heater is used; and
>
> (b)     Defendant knew the purposes for which the heater was required, knew that the buyer was relying on the Defendant's skill and judgment to furnish a suitable heater, and said heater was unsafe and not fit for the purpose for which it was sold.

66.     The Defendant also breached any and all expressed warranties made or relating to the heater that became part of the basis of the bargain for sale of the product.

67.     As a direct result of the Defendant's breach of implied warranties, Plaintiff

Case ID: 140800474

suffered the damages set forth in Count I hereof which are incorporated by reference herein.

WHEREFORE, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, NEWA Tecno Industria, SRL, in a sum less than Fifty Thousand ($50,000.00) Dollars.

## COUNT XI-STRICT LIABILITY
### PLAINTIFF VS. NEWA

68.    Plaintiff incorporates by reference paragraphs 1 through 67 as though each and every allegation was set forth fully herein at length.

69.    Worldwide/Michelle is engaged, and at all times relevant hereto was engaged, in the business of *inter alia*, marketing, manufacturing, selling, servicing, warranting, and distributing Marineland Stealth aquarium heaters, including the Marineland Stealth aquarium heater involved here, to consumers such as John Sullick.

70.    Worldwide/Michelle distributed and/or sold the Marineland Stealth aquarium heater in a defective condition, unreasonably dangerous to John Sullick and his family.

71.    Worldwide/Michelle knew or should have known that the Marineland Stealth aquarium heater would, and did, reach Plaintiff without substantial change from the condition in which originally sold.

72.    The aforementioned defects consisted of:

      (a)    design defects;

      (b)    manufacturing defects;

      (c)    component defects;

      (d)    a failure to warn of the design, manufacturing, and/or component defects; and/or

Case ID: 140800474

(e)     a failure to properly instruct as to the appropriate installation, operating and maintenance procedures for safe use of the Marineland Stealth aquarium heater.

73.     For these reasons, Worldwide/Michelle is strictly liable to Plaintiff for damages under Section 402A of the Restatement (2d) of Torts, and the applicable case law of the Commonwealth of Pennsylvania.

74.     As a direct result of the defective design and manufacture of said heater, Plaintiff sustained the damages as set forth in Count I hereof which are incorporated by reference herein.

**WHEREFORE**, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, NEWA Tecno Industria, SRL, in a sum less than Fifty Thousand ($50,000.00) Dollars.

**COUNT XII-NEGLIGENCE**
**PLAINTIFF VS. NEWA**

75.     Plaintiff incorporates by reference paragraphs 1 through 59 as though each and every allegation was set forth fully herein at length.

76.     The aforementioned damages and harms were the direct and proximate result of the negligence, carelessness, recklessness, and/or other unlawful conduct of Worldwide/Michelle, by and through its employees, agents, technicians, and/or servants, more specifically described as follows:

(a)     failing to exercise reasonable care in the following manner:

i.      failing to properly build, manufacture, assemble, inspect, diagnose, service, sell, repair and/or test the Marineland Stealth aquarium heater;

ii.     failing to determine that the Marineland Stealth aquarium heater did not comply with applicable standards and/or specifications;

Case ID: 140800474

iii.   failing to properly recommend to and/or warn Plaintiff that the Marineland Stealth aquarium heater was defective and could fail in the manner described herein;

iv.   failing to provide Plaintiff with instructions and/or warnings regarding the proper installation, care, maintenance, and/or servicing of the Marineland Stealth heater so as to prevent the incident complained of.

(b)   failing to adequately instruct and/or supervise its employees, agents, technicians, and/or servants so as to avoid the problems set forth in subparagraph (a)(i.-iv.) above;

(c)   failing to adequately warn Plaintiff and others of the dangers and hazardous conditions of the Marineland Stealth aquarium heater, which Worldwide knew or should have known would result from the careless and negligent conduct set forth in subparagraph (a)(i.-iv.) above;

(d)   failing to provide, establish, and/or follow proper and adequate control of its processes and employees so as to avoid the problems listed in subparagraph (a)(i.-iv.) above; and/or

(e)   failing to perform (as set forth in subparagraph (a)(i.-iv.) above) in conformity with the prevailing industry specifications and standards.

77.   As a direct result of the negligence and carelessness of the Defendant, Plaintiff sustained the damages set forth in Count I hereof and which are incorporated by reference herein.

**WHEREFORE**, Plaintiff, Allstate Insurance Company a/s/o Burton Jenkins, demands judgment against Defendant, NEWA Tecno Industria, SRL, in a sum less than Fifty Thousand ($50,000.00) Dollars.

SANDLER & MARCHESINI, P.C.

BY : _____
PAUL N. SANDLER, ESQUIRE
Attorney for Plaintiff

Case ID: 140800474

## VERIFICATION

I, _Phyllis Rodgers_, as _Claim Service Analyst_
(name)                              (capacity)

of _Allstate_, and as such being duly authorized to take this

Verification on behalf of _Allstate_, do hereby verify that the
(corporation)

statements made in the foregoing Civil Action Complaint are true and correct to

the best of my knowledge, information and belief.

I understand that false statements made herein are subject to the penalties of 18
Pa. C. S.

Section 4904 relating to unsworn falsification to authorities.

DATED: _August 5 2014_                BY: _Phyllis Rodgers_
                                          _Allstate Claim 0256859554_
                                                      _Jenkins_





**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 140800474 |
| **Case Caption:** | ALLSTATE INSURANCE COMPANY A/S/O BURTON JENKINS VS |
| **Filing Date:** | Wednesday, August 06th, 2014 |
| **Court:** | ARBITRATION |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PRODUCT LIABILITY |
| **Status:** | ARBITRATION HEARING SCHEDULED |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| ARBITRATION HEARING | 06-MAY-2015 09:15 AM | ARBITRATION CENTER | 1880 JFK Blvd., 5th Floor | *unassigned* |

## Case motions

| Motion | Assign/Date | Control No | Date/Received | Judge |
|---|---|---|---|---|
| PRELIMINARY OBJECTIONS | *pending* | 14082906 | 20-AUG-2014 | CEISLER, ELLEN |

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | SANDLER, PAUL N |
| **Address:** 1500 WALNUT ST SUITE 2020 PHILADELPHIA PA 19102 (215)568-9300 | | **Aliases:** *none* | | |

| 2 | 1 | | PLAINTIFF | ALLSTATE INSURANCE COMPANY A/S/O BURTON JENKINS |
|---|---|---|---|---|
| Address: | 1200 ATWATER DRIVE, SUITE 110 MALVERN PA 19355 | Aliases: | none | |
| | | | | |
| 3 | 8 | | DEFENDANT | UNITED PET GROUP, INC. |
| Address: | 3001 COMMERCE STREET BLACKSBURG VA 24060 | Aliases: | D/B/A MARINELAND A/K/A MARINELAND AQUARIUM PRODUCTS | |
| | | | | |
| 4 | | | DEFENDANT | TETRA HOLDINGS (US), INC. |
| Address: | 20975 CREEK ROAD NOBLESVILLE IN 46060 | Aliases: | T/A PERFECTO MANUFACTURING, INC. | |
| | | | | |
| 5 | | | DEFENDANT | WORLDWIDE AQUARIUM & PET CENTER |
| Address: | 6801 FRANKFORD AVENUE PHILADELPHIA PA 19135 | Aliases: | none | |
| | | | | |
| 6 | | | DEFENDANT | MICHELLE ENTERPRISES, INC. |
| Address: | 2101 ELMERTON AVENUE HARRISBURG PA 17110 | Aliases: | N/K/A INGENIOUS NETWORKS | |
| | | | | |
| 7 | | | DEFENDANT | NEWA TECNO INDUSTRIA, SRL |
| Address: | VIA DELL'ARTIGIANATO, 2 LOREGGIA 35010 | Aliases: | none | |
| | | | | |
| 8 | | | ATTORNEY FOR DEFENDANT | WEISS, ERIC A |

| Address: | MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN 2000 MARKET ST., SUITE 2300 PHILADELPHIA PA 19103 (215)575-2600 | Aliases: | none |
|---|---|---|---|

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 06-AUG-2014 10:27 AM | ACTIVE CASE | | | 06-AUG-2014 11:38 AM |
| **Docket Entry:** | E-Filing Number: 1408009120 | | | |
| | | | | |
| 06-AUG-2014 10:27 AM | COMMENCEMENT OF CIVIL ACTION | SANDLER, PAUL N | | 06-AUG-2014 11:38 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>Final Cover | Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | none. | | | |
| | | | | |
| 06-AUG-2014 10:27 AM | COMPLAINT FILED NOTICE GIVEN | SANDLER, PAUL N | | 06-AUG-2014 11:38 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>20140806095959225.pdf<br>AVISO.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 06-AUG-2014 10:27 AM | SHERIFF'S SURCHARGE 5 DEFTS | SANDLER, PAUL N | | 06-AUG-2014 11:38 AM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 06-AUG-2014 11:38 AM | ARBITRATION HEARING SCHEDULED | | | 06-AUG-2014 11:38 AM |

| Docket Entry: | SCHEDULED FOR ARBITRATION HEARING ON MAY 6, 2015, AT 09:15 AM AT THE ARBITRATION CENTER, 1880 JFK BLVD., 5TH FLOOR. | | | |
|---|---|---|---|---|

| 12-AUG-2014 03:14 PM | AFFIDAVIT OF SERVICE FILED | SANDLER, PAUL N | | 13-AUG-2014 10:03 AM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents 20140812145252816.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON UNITED PET GROUP, INC. BY CERTIFIED MAIL ON 08/08/2014 FILED. (FILED ON BEHALF OF ALLSTATE INSURANCE COMPANY A/S/O BURTON JENKINS) | | | |

| 14-AUG-2014 02:28 PM | AFFIDAVIT OF SERVICE FILED | SANDLER, PAUL N | | 15-AUG-2014 01:16 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents 20140814142121562.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON TETRA HOLDINGS (US), INC. BY CERTIFIED MAIL ON 08/11/2014 FILED. (FILED ON BEHALF OF ALLSTATE INSURANCE COMPANY A/S/O BURTON JENKINS) | | | |

| 20-AUG-2014 02:43 PM | PRELIMINARY OBJECTIONS | WEISS, ERIC A | | 20-AUG-2014 03:33 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents Jenkins - POs to Pltf Complaint.PDF | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | 06-14082906 PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT FILED. RESPONSE DATE: 09/09/2014 (FILED ON BEHALF OF UNITED PET GROUP, INC.) ENTRY OF APPEARANCE FILED ON BEHALF OF UNITED PET GROUP, INC.. | | | |

| 20-AUG-2014 02:43 PM | JURY TRIAL PERFECTED | | | 20-AUG-2014 03:33 PM |
|---|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home